FILED & ENTERED

DEC 20 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kaaumoan DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re JOAN ANN HOYMAN, aka JOAN ANN KUSSY HOYMAN,<br><br>        Debtor-in-Possession. | Case No.  2:10-bk-60995 VZ<br><br>Chapter 11<br><br>**ORDER:**<br><br>**(1) REQUIRING DEBTOR-IN-POSSESSION TO APPEAR AT STATUS CONFERENCE AND FILE REPORT ON STATUS OF REORGANIZATION CASE, OR FACE POSSIBLE (A) CONVERSION OF CASE TO CHAPTER 7; (B) DISMISSAL OF CASE; OR (C) APPOINTMENT OF TRUSTEE;**<br><br>**(2) SETTING HEARING ON STATUS OF REORGANIZATION CASE; and**<br><br>**(3) ESTABLISHING PROCEDURE FOR (A) MOTION FOR ORDER APPROVING ADEQUACY OF DISCLOSURE STATEMENT; AND (B) MOTION FOR ORDER CONFIRMING PLAN**<br><br>Chapter 11 Status Conference Date<br>Date:    January 20, 2011<br>Time:    9:30 a.m.<br>Place:   Courtroom 1368<br>              Roybal Federal Building<br>              255 E. Temple Street<br>              Los Angeles, CA 90012 |

On November 29, 2010, a voluntary chapter 11 bankruptcy case was filed by JOAN ANN

HOYMAN, aka JOAN ANN KUSSY HOYMAN ("Debtor" or "Debtor-in-Possession").

1

Pursuant to 11 U.S.C. § 105(d) and to expedite the disposition of this bankruptcy case, establish early and continuing control so that the case will not be protracted because of lack of management and to discourage wasteful pre-confirmation activities, **I ORDER THE FOLLOWING:**

## I. STATUS REPORT

The Debtor shall file with the court, serve a judge's copy to chambers, and serve on the United States Trustee, all secured creditors, the holders of the twenty (20) largest unsecured claims and all official committees by **January 6, 2011**, a report on the status of this reorganization case (the "Status Report").  The Status Report must be supported by admissible evidence in the form of declarations and supporting documents and must:

**A**.  Provide an estimate of when you plan to file and serve a motion for order approving adequacy of disclosure statement ("Disclosure Statement Motion") and a motion for order confirming chapter 11 plan ("Confirmation Motion");

**B**.  State whether deadlines should be set for filing proofs of claim and for hearings on objections to claims, and if so, what these deadlines should be;

**C**.  Disclose whether Debtor has performed all of its duties under 11 U.S.C. §§ 521, 1106 and 1107 and if not, why;

**D**.  Describe concisely the post-petition operations of the Debtor, litigation in which the Debtor is involved and the status of the Debtor's efforts to reorganize;

**E.**  If Debtor's proposed counsel is not filing documents electronically via CM/ECF, explain why not; and

**F**.  Disclose whether Debtor has hired any professionals and, if so, whether the professional's employment has been approved by the Court.  If such employment has not been approved, then explain why; and provide a budget of estimated fees and expenses to be incurred by the professionals employed at the expense of the estate.  The budget should include all the information indicated in the "Instructions for the Professional Compensation and Fee Budget"

2

located on the Court's website.  The address is www.cacb.uscourts.gov.  In order to access the instructions, click on:

> **(1) On Main Page, select INFORMATION;
> (2) Under the 3rd Column, "JUDGES' PROCEDURES/INFORMATION – INDIVIDUAL JUDGES," select ZURZOLO, V.; and
> (3) Select FORMS/ INSTRUCTIONS/PROCEDURES/SELF CALENDARING.**  Download and print out the "Instructions for the Professional Compensation and Fee Budget".

## II. STATUS REPORT HEARING

I will conduct a hearing on the Status Report ("SR Hearing") on **January 20**, **2011 at 9:30 a.m. at Ctrm 1368, Roybal Federal Building, 255 E. Temple Street, Los Angeles, CA 90012**.

If the Debtor does not timely file and serve a Status Report and appear at the SR Hearing, I may order: (1) the appointment of a trustee pursuant to 11 U.S.C. § 1104(a); (2) the conversion of the case to one under Chapter 7 pursuant to 11 U.S.C. § 105(a) and 11 U.S.C. § 1112(b); or (3) the dismissal of the case pursuant to 11 U.S.C. § 105(a) and 11 U.S.C. § 1112(b).

If a Status Report is timely filed and served, including a judge's copy, at the SR Hearing I will ordinarily: (1) set deadlines for filing proofs of claim and hearings on objections to claims; (2) set deadlines for entry of an order approving the Disclosure Statement Motion, and entry of an order approving the Confirmation Motion; and (3) set a hearing on a Disclosure Statement Motion or an order to show cause why this case should not be converted or dismissed if these deadlines are not met by the Debtor.

## III. STANDARDS FOR EMPLOYMENT AND FEE APPLICATIONS

I have promulgated standards that I will apply in considering employment applications under 11 U.S.C. § 327 and fee applications under 11 U.S.C. §§ 330 and 331.  The standards are set forth on the Court's website under "Notice of Amended Standards to be Employed in the Review of Applications for Authorization of Employment on Employment of Professionals" and

"Notice of Standards to be Employed in the Review of Applications for the Allowance of Compensation and the Reimbursement of Expenses". (See paragraph I.F. above for instructions on how to access these documents.) Please read them carefully before preparing or filing any such applications.

### IV. DISCLOSURE STATEMENT AND PLAN CONFIRMATION PROCEDURE

    **A**.    Requests for orders approving disclosure statements pursuant to 11 U.S.C. § 1125 and for orders confirming a plan of reorganization pursuant to 11 U.S.C. § 1129 must be made by motion within the meaning of Bankruptcy Rules 9013 and 9014. All motions must be supported by evidence admissible under the Federal Rules of Evidence and in compliance with Local Bankruptcy Rule 9013-1(i).

    **B.**    **Located on the Court's website is a document entitled "Guide to Disclosure Statement and Plan of Reorganization"** which contains an exemplar of a Disclosure Statement and Plan. (See paragraph I.F. above for instructions on how to access these documents.) **Unless the Court orders otherwise, the Proponent of any plan must use this exemplar as its disclosure statement and plan.**

    **C.**    After granting a Disclosure Statement Motion, I shall:

    (1) Set a hearing on a Confirmation Motion.

    (2) Set a deadline for serving the approved disclosure statement and the notice of hearing on the Confirmation Motion; and

    (3) Set a deadline for creditors and equity security holders to transmit ballots and preliminary objections to the Confirmation Motion to the proponent of the plan and the proponent's attorney.

    **D.**    Notice of (a) hearing on the Confirmation Motion, (b) the deadline for filing proofs of claim or interests, (c) the deadline for filing and serving objections to the Confirmation Motion, and (d) the deadline for voting on the plan, must be filed and served in accordance with Federal Rule of Bankruptcy Procedure 2002(b)-(d), (f)(11), (g)-(k), (p) and 3017-3020.

**E.** The Confirmation Motion must be served upon the U.S. Trustee, any committee appointed under 11 U.S.C. § 1102, any party that has timely filed and served a preliminary objection to confirmation by the balloting deadline, and any party that has voted against the proposed plan. A judge's copy must also be served as provided for in Local Bankruptcy Rule 5005-2(d) and the Court Manual. The Confirmation Motion must meet at least the following criteria:

(1) The Confirmation Motion must be supported by evidence establishing that the plan is confirmable under 11 U.S.C. § 1129, and contain a ballot summary;

(2) The Confirmation Motion must be served at least 21 days before the confirmation hearing on the United States Trustee, any official committee, and all creditors and equity security holders who have filed and served on the plan proponent a preliminary objection to confirmation, and/or voted to reject the plan; and

(3) The plan proponent must serve with the Confirmation Motion a notice of the confirmation hearing date that contains, among other information, notice of requirement that any party opposing the Confirmation Motion must file and serve its written opposition at least 14 days before the confirmation hearing date, and the opposition must be supported by admissible evidence.

**IT IS FINALLY ORDERED** that failure to comply with any provision of this order may be deemed consent to the conversion or dismissal of this case, or the appointment of a trustee.

###

DATED: December 20, 2010

_United States Bankruptcy Judge_

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER:
(1) REQUIRING DEBTOR-IN-POSSESSION TO APPEAR AT STATUS CONFERENCE AND FILE REPORT ON STATUS OF REORGANIZATION CASE, OR FACE POSSIBLE (A) CONVERSION OF CASE TO CHAPTER 7; (B) DISMISSAL OF CASE; OR (C) APPOINTMENT OF TRUSTEE;
(2) SETTING HEARING ON STATUS OF REORGANIZATION CASE; and
(3) ESTABLISHING PROCEDURE FOR: (A) MOTION FOR ORDER APPROVING ADEQUACY OF DISCLOSURE STATEMENT; AND (B) MOTION FOR ORDER CONFIRMING PLAN**
was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **12/17/10**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

*(See NEF for confirmation of electronic transmission)*

**U.S. Trustee**: ustpregion16.la.ecf@usdoj.gov, Russell.clementson@usdoj.gov
**Debtor's Proposed Counsel**: Gary Harre, ghcmecf@gmail.com


**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

*(Served by Court Staff, not the Bankruptcy Noticing Center)*

**Debtor:**
Joan Hoyman
1351 Pleasantridge Drive
Altadena, CA 91001