1  GARY HARRE, ESQ. (BAR NO. 86938)
   Global Capital Law, P.C.
2  17111 Beach Blvd, Ste 100
   Huntington Beach, CA 92647
3  Telephone: (714) 907-4182
   Email: ghcmecf@gmail.com
4
   Attorney for Debtor
5  JOAN ANN HOYMAN

6

7              **UNITED STATES BANKRUPTCY COURT**
               **CENTRAL DISTRICT OF CALIFORNIA**
8

9

10 In re                              ) **Case No.  2:10-bk-60995**
                                      )
11         JOAN ANN HOYMAN            ) **Chapter 11**
                                      )
12             Debtor.                ) **Hon. Vincent P. Zurzolo (Chief Judge)**
                                      )
13                                    ) **EMERGENCY MOTION OF DEBTOR TO**
                                      ) **ENFORCE AUTOMATIC STAY AGAINST**
14                                    ) **AURORA LOAN SERVICES, LLC AND**
                                      ) **LOS ANGELES COUNTY SHERRIFF.**
15                                    ) **REQUEST FOR ORDER TO SHOW**
                                      ) **CAUSE RE SANCTION.**
16                                    )
                                      ) [Emergency Hearing Requested Pursuant
17                                    ) to Local Bankruptcy Rule 9075-19(a)]
                                      )
18                                    ) Date:  TBD
                                      ) Time:  TBD
19                                    ) Place:  Edward R. Roybal Federal
                                      ) Building and Courthouse
20                                    ) 255 E. Temple Street, Suite 1360 /
                                      ) Courtroom 1368
21                                    ) Los Angeles, CA 90012
                                      )
22                                    )

23

24     TO HONORABLE VICENT P. ZURZOLO, UNITED STATES BANKURPTCY

25  CHIEF JUDGE, AND ALL INTERESTED PARTIES:

26     Debtor JOAN ANN HOYMAN, debtor and debtor in possession in the above-

27  caption captioned bankruptcy case ("HOYMAN"), respectfully moves this Court on

28  an emergency basis (the "Emergency Motion") pursuant to Local Bankruptcy Rule

---

9075-1(a) for entry of an order enforcing automatic stay against Aurora Loan Services, LLC, its assignees and/or successors; Leroy D. Baca, Sheriff County of Los Angeles from taking action against Debtor's property known as 1351 Pleasantridge Drive, Altadena, CA 91001.  Debtor further respectfully request the Court to set an Order to Show Cause why Sanction under 11 U.S.C. 362(k) should not be imposed upon Aurora Loan Services, LLC and Los Angeles County Sherriff department for costs, attorney fees and in appropriate circumstances punitive damages.

## I.  INTRODUCTION

On <u>November 29, 2010</u>, Debtor filed the above-caption bankruptcy case. Debtor through her undersigned counsel notified Aurora Loan Services, LLC ("AURORA") and County of Los Angeles Sherriff Department ("LA Sherriff") of the bankruptcy proceeding.  A true and correct copy of Debtor's notification is attached herewith as Exhibit "1".

Debtor obtained a loan with First Magnus Financial Corporation ("First Magnus") to purchase the property located at 1351 Pleasantridge Drive, Altadena, California ("Subject Property") on or about November 30, 2006.  A true and correct copy of the promissory note is attached herewith as Exhibit "2".

At all time mentioned herein, Debtor is the owner of the subject property based on the recorded Grant Deed with Los Angeles County Recorder as instrument number 20062717348.  A true and correct copy of which is attached herewith as Exhibit "3".

Aurora was the servicer of the subject loan, having no interest the promissory note or deed of trust.  In connection with the loan with First Magnus, Debtor executed a deed of trust with Lender of "First Magnus Financial Corporation, an Arizona Corporation".  Trustee was CHICAGO TITLE COMPANY and MERS, a separate corporation that is acting solely as a nominee for Lender

… and is the beneficiary under this Security Instrument. A true and correct copy of the Deed of Trust as recorded with Los Angeles County Recorder as instrument number 20062717349 is attached herewith as Exhibit "4".

On or about <u>March 2, 2009</u>, Aurora recorded a Notice of Default ("NOD") as instrument number 20090291236 with Los Angeles County Recorder. The NOD was executed by SPL, Inc. as authorized agent for ServiceLink-Irvine ("ServiceLink"). Neither SPL nor ServiceLink was an agent for Beneficiary under the Deed of Trust (*See* Exh. 4). A true and correct copy of NOD is attached herewith as Exhibit "5". SPL fraudulently recorded the NOD.

On or about <u>June 4, 2009</u>, ServiceLink fraudulently recorded a purported substitution of trustee that was executed by Mary Jane Sarne, Vice President of Mortgage Electronic Registration Systems, Inc. Such document was recorded with Los Angeles County Recorder as instrument number 20090830610 and attached herewith as Exhibit "6" purportedly substituted Quality Loan Service Corporation ("QUALITY") as trustee. This document contained forged signature and false notary witness. As evidenced in the document, the notary public stated under the penalty of perjury that 6/2/09, Mary Jane Sarne personally appeared; however, this document was executed on 2/27/2009, long before the notary public witnessed the signature.

On the same day, June 4, 2009, ServiceLink fraudulently recorded a Notice of Trustee's Sale ("NOS") with Los Angeles County Recorder as instrument number 20090830611. Such NOS was executed by Andrew Basom as authorized agent for Quality. A true and correct copy of NOS is attached herewith as Exhibit "7".

On or about <u>July 6, 2009</u>, Aurora as servicer of the loan recorded a Trustee's Deed Upon Sale ("Trustee's Deed") purportedly received a conveyance from QUALITY. As stated in the Trustee's Deed, Aurora was the <u>FORECLOSING</u>

GARY HARRE, ESQ. (BAR NO. 86938)
GLOBAL CAPITAL LAW, P.C.
17111 BEACH BLVD, STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 634-3842

BENEFICIARY receiving such deed as the result of <u>CREDIT BID</u> when nowhere in the chain of title indicated that beneficial interest under the deed of trust had been assigned to it.  Hence, AURORA never paid for such purchase and title was fraudulently conveyed.  Furthermore, the Trustee's Deed contained a notary public penalty of perjury of Michelle Nguyen, purportedly witnessed Karia Sanchez signature by personally appeared on 6/30/2009.  However, the signature was signed on 06/25/2009.  A true and correct copy of the trustee's deed is attached herewith as Exhibit "8".

On or about 11/06/2009, AURORA initiated an unlawful detainer action against Thomas Harrison, a Tenant of the subject property.  As emphasis, this unlawful detainer action is NOT against the debtor but against the tenant.  A true and correct copy of this action is attached herewith as Exhibit "9".

On 10/01/2010, the Los Angeles Superior Court issued a Writ of Possession against Thomas Harrison as Defendant; NOT the Debtor.  A true and correct copy is attached herewith as Exhibit "10".

Debtor, through the undersigned counsel, repeatedly notified Aurora and its counsel, along with Los Angeles County Sherriff department of the pending bankruptcy and its automatic stay.  Despite such repeatedly demand, on 12/23/2010, Los Angeles Sherriff Department acting under direction of Aurora posted a Notice to Vacate to remove debtor from the property not later than 12/28/2010.

## II.    ARGUMENT

### a.    **Procedure and Standard Governing Stays**

Actions taken in violation of automatic stay are void and of no force or effect, even when the party taking such action has no actual notice of existence of stay.  <u>Bankr.Code</u>, 11 U.S.C. §362(a).  Creditor and its agents act at their own peril when they usurp bankruptcy court's role in

determining scope of automatic stay, without binding authority that is clearly applicable to facts at hand. <u>Bankr.Code</u>, 11 U.S.C.A. §362. Furthermore, Creditor need not have specific intent to violate stay in order for its stay violation to be "willful," so as to require entry of damages award against it; it is enough that creditor knew of stay and that it intended to take the actions found to violate stay. Even an innocent stay violation, one committed without knowledge of automatic stay, becomes "willful," if creditor fails to remedy the violation after receiving notice of stay. <u>Bankr.Code</u>, 11 U.S.C. §362(h).

There are two types of proceedings that can be brought: a "motion for order to show cause" which requests the Court to issue an order requiring the offending creditor to appear before the Court and explain its conduct (reminiscent of Ricky Ricardo telling Lucy that she "has some esplainin' to do"); or a formal adversary proceeding (summons and complaint).

Under Section 362, a Stay is automatic and self-executing immediately upon the filing of a bankruptcy petition. Only the Bankruptcy Court has the authority to finally determine whether the Stay applies. <u>In re Gruntz</u>, 202 F.3d 1074 (9th Cir. 2000) (en banc). Furthermore, any and all property owned by Debtor remains the property of the Bankruptcy Estate for purpose of the Automatic Stay. <u>In re Ramirez</u>, 183 B.R. 585 (9th Cir. B.A.P. 1995).

Specifically, automatic stay prohibits any law enforcement agency from taking any actions in relation to the property including, but not limited to the eviction of the debtors. It is settled that the "willfulness test" for automatic stay violations merely requires that: 1) the creditor know of the Automatic Stay; and 2) the actions that violate the stay be intentional. <u>In re Peralta</u>, 317 B.R. 381 (9th Cir. BAP 2004). Moreover, any in rem

orders purporting to affect the stay in future cases are void. In Re Johnson, 346 B.R. 190, 194 (9th Cir. BAP 2006).

In the case at hand, Debtor through her undersigned counsel notified Aurora and Los Angeles County Sherriff of the automatic stay on or about December 15, 2010.  Debtor's counsel expended great amount of time at Debtor's expense to communicate not only the stay but also advised these parties of legal authorities.  Despite such knowledge, Aurora and Los Angeles Sherriff willfully posted notice to vacate and attempt to remove debtor and her family from the property, in direct violation of the automatic stay.

Since Aurora has knowledge of the bankruptcy proceeding, it would be proper for it to come before this court requesting the lifting of automatic stay if it has basis to do so.  However, Aurora knows that its fraudulently action would not be condoned by this Court as further discussed *supra*.  Its refusal to comply with bankruptcy laws clearly designed to perpetrate and to conceal its fraudulent action.

Based on the evidence presented herein, Aurora never received beneficial interest under the deed of trust.  Without closed examination of anything else, the trustee's deed is clearly invalid on its face.  Aurora never paid for this purchase; instead it used the so called "credit bid".  This would be acceptable it Aurora had any beneficial interest in this loan.  However, the records before us negate any such assertion if made by Aurora.

On the other hand, the Trustee's deed clearly stated that Aurora was the foreclosing beneficiary; wherein, Quality conducted the auction on behalf of Aurora as beneficiary.  No publically recorded document supports the chain of title that conferred beneficial interest upon Aurora to enable it to foreclose Debtor's property.

### b. <u>Aurora as Servicer Circumvented Bankruptcy Law because It would not have Standing to Pursue Relief from Automatic Stay Under 11 U.S.C. §362(d).</u>

Over the past couple of years, a significant number of bankruptcy courts have found that loan servicers and banks did not have standing to pursue relief from the automatic stay to foreclose on real propety because they either failed to establish that they (i) were the real party in interest entitled to enforce the underlying promissory note and deed of trust or mortgage, or (ii) had the authority to act on behalf to the principal holder of the note and deed of trust or mortgage and that they have brought the action in that party's name. This standing requirement is "an essential and unchanging part of the case-or-controversy requirement of Article III."  Lujan v. Defenders of Wildlife, 502 US 555, 560 (1992). The standing question is a threshold issue, required before a coutmay entetain a suit. Warth v. Seldin, 422 U.S. 490,495 (1975). Thus, if a lender or a servicer does not prove standing by admissible evidence, the court has no authority to hear its motion for relief from stay and it must dismiss the motion.

Prudential standing requirements also require that a party bringing a motion be the real party in interest. Rule 17 of the Federal Rules of Civil Procedure (the "Civil Rules") requires that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17. The purpose is to ensure the party bringing forth the action is the party who" possesses the substantive right being asserted under the applicable law." Wright, Miller & Kane, Federal Practice and Procedure, Vol. 6A, § 1541 (2009 update). Because Civil Rule 17 applies in adversarial bankruptcy proceedings, parties must adhere to Civil Rule 17 in order to seek relief from automatic stay. See <u>Hwang</u>, 396 B.R. at 766.

Here, Aurora was the servicer of the subject loan. It fraudulently obtained title by way of Trustee's deed based on "credit bid" when Aurora did not have any credit to pay for such purchase. The lender was First Magnus, an Arizona Corporation. This company ceased to exist as of 09/23/1996 according to information available online from California Secretary of State. A true and correct copy is attached herewith as Exhibit "11". Furthermore, information available online from the California Department of Corporation indicated that First Magnus is no longer licensed as of 09/13/2007.

Hence, chain of title clearly indicated that Aurora as servicer was not a beneficiary under the deed of trust, having no interest in the promissory note, nor any standing to foreclose the subject property. Assuming *arguendo* that Aurora can foreclose as an agent of unknown beneficiary, it would have to pay for the purchase. This is not the case here.

### c. Clear Basis to Cancel Trustee's Deed Upon Sale Based on Fraudulent Conveyance.

Strong showing is made that Aurora was not a beneficiary under the deed of trust and Quality was not a trustee with power of sale under the deed of trust. Aurora does not have the right to enforce the subject debt in the first place, much less to purchase it under credit bid. Debtor never received any notice of assignment of beneficial interest from First Magnus to Aurora.

In this case, transfer of mortgage paper may be made outright (sale) or by pledge (as security for a loan to the transferor). In any event, to perfect the transfer, the transferor should physically deliver the note to the transferee. Without a physical transfer, a sale of the note could be invalidated as a fraudulent conveyance under Com. Code §3440, and a transfer in pledge could be invalidated as an unperfected under Com. Code § § 9313-9314. *See*

California Mortgages and Deed of Trust, and Foreclosure Litigation, by Roger Bernhardt, Fourth Edition, §1.26.

Here, all that Aurora has in its possession is a copy of a Trustee's Deed, which stated that it was the grantee who was the foreclosing beneficiary under the deed of trust.   No other evidence that can be found in public record that Aurora was the beneficiary of the original Note and Deed of Trust.  The Note and Deed of Trust as included run in favor of First Magnus  and no assignment of Deed of Trust ever recorded assigned beneficial interest to Aurora, or to anyone else for that matter.

There is no authority (and Debtor is aware of none) for the apparent proposition that transfer of the Deed of Trust without assignment, let alone recordation, is sufficient to Aurora a security interest in the Property as beneficiary.  As it stands on the record, the Trustee's Deed with Aurora as beneficiary foreclosing on the Deed of Trust by way of Credit Bid constitutes fraudulent transfer.  Nothing in the Deed of Trust as written or in the way in which it has been handled gives any indication that Aurora has any security interest as beneficiary in the Property.  Not surprisingly therefore, Aurora focuses the Court's attention on the Trustee's Deed irregardless of how it came about to have such deed.

California Civil Code § 2932.5 provides:

Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded.

GARY HARRE, ESQ. (BAR NO. 86938)
GLOBAL CAPITAL LAW, P.C.
17111 BEACH BLVD, STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 634-3842

It appears to indicate that a security interest runs with the obligation that is as assignment of the Note amounts to an assignment of the Deed of Trust. However, promissory note did not contain any indication that beneficial interest in said note as been endorsed to Aurora. Furthermore, MERS was not named anywhere in the promissory note and could not conceivably assigned the Note to Aurora in light of First Magnus ceased to exist since 2007.

### III. CONCLUSION

Accordingly, Debtor respectfully requests this Court orders Aurora and Los Angeles Sherriff to cease all activity against Debtor's property in violation of a valid automatic stay and to set a hearing date for sanctions against Aurora and Los Angeles Sherriff department.

Dated: 12/23/2010                                                    Respectfully Submitted;

                                                                                  Gary Harre, Esq.
                                                                                  Attorney for Plaintiff, JOAN HOYMAN

In Re JOAN ANN HOYMAN                                                                 Case No. 2:10-bk-60995

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

17111 Beach Blvd., Ste 100
Huntington Beach, CA 92647

A true and correct copy of the foregoing document described as ***EMERGENCY MOTION OF DEBTOR TO ENFORCE AUTOMATIC STAY AGAINST AURORA LOAN SERVICES, LLC AND LOS ANGELES COUNTY SHERRIFF. REQUEST FOR ORDER TO SHOW CAUSE RE SANCTION.*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____*,* I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***12/23/2010,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

McCarthy & Holthus, LLP, attention: Gayle E. Jameson, Rebecca L. Lang, Jessica L. Partridge
1770 Fourth Ave., San Diego, CA 92101 Fax (619) 243-1979

Los Angeles County Sheriff's Department, Attention: Sergeant Holbrook and Leroy D. Baca
300 East Walnut, Room 208, Pasadena, CA 91101
Fax 323-415-3822

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/23/2010 | Carolyn J. Olson | /s/ Carolyn J. Olson |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                **F 9013-3.1.PROOF.SERVICE**